The issue in this case is whether the Quiktrip employee was negligent. There's no dispute here that the Quiktrip employee shoveled and salted the snow the day that Daniel Mann fell, same area. They assumed a legal duty. Whether or not there is some other duty to shovel or treat snow is frankly irrelevant. But that's what the jury was instructed on. But that's not the case law. That's not the law. You assume a duty. You have a duty to act. If you are negligent and your negligence causes an injury, you can be held liable for it. But here the jury was instructed, an affirmative defense instruction, about essentially whether there was some other separate duty to act based on the general conditions or isolated conditions in the area. And that is an irrelevant issue. The case law is very clear that even if a possessor of land has no duty to an invitee to remove snow and ice that is accumulated naturally and is a condition general to the community, there is a recognized exception to the rule where the possessor assumes a duty to remove snow and ice. That's what happened here. So you have a jury that's instructed on natural or isolated condition, but that allowed the jury to essentially say that the Quick Trip employee was not negligent because of isolated conditions and take it out of the jury's hands to make an irrelevant finding on natural conditions, isolated conditions. We don't care. That should have not been a consideration at all. And the jury was clearly misled on that issue because the jury was, the one question that they asked was on that specific instruction. What was the evidence that there was negligence? Well, the evidence that there was negligence is that there was ice that was still on the ground, the gentleman, Mr. Mann, slipped, that it wasn't properly cleared. How do we know, I mean, he slipped, we know that, and there was ice. But what was the, you're saying that the real issue here is whether the clearing was done negligently. Isn't that correct? Correct. How do we know that just from the fact that he slipped and fell? Well, so Judge, we know that there was a duty that had been assumed by the clearing. Yes, I understand that. Yes. We know that the gentleman slipped. We know that there was testimony in the record that there was still patches of ice and snow on the ground, which would suggest that it wasn't properly cleared. So there was evidence in the record. On the ground or on the steps? I think it was on, well, on the steps of the sidewalk where it was that Mr. Mann slipped. So I think there's evidence in the record that the jury can look at and say, yes, it wasn't properly cleared. But we never even gave that to the jury in this case because the jury was instructed if it was an isolated or general condition. I understand. Well, don't these Missouri cases seem to say that if there's new weather events after the initial clearing, that it brings you back to the instruction that was used here? I know you're talking about the Alexander case, but it refers to this Turkle case where there was new weather, and that case seemed to use the same instruction that the judge used here. Well, so Turkle's an interesting case. It did not use the same instruction that was here. It gave the instruction, didn't it, about common to the geographical area? So that was not actually an instruction that was given. If you look at the Turkle case, what happened is that Turkle's very strange because the standard of care in that case, as the Turkle court says, this is at page 506, when there is ice on the restaurant parking lot, the restaurant operator's affirmative duty is to make the parking lot safe or to warn the business invitee of the dangerous condition. The burden of proving that the business invitee knew or in the exercise of ordinary care should have known of the dangerous condition is on the restaurant operator. I have, frankly, no idea where the Turkle case got that standard from because that's not the Massachusetts rule. That's not the rule that applies in Missouri cases at all. Well, it's a Missouri case. And so, Judge, I understand that, but all of the cases subsequent to that, the Cleet case in this court, frankly, if that's the issue, if we want to instruct and say that Quick Trip had an affirmative duty to make the parking lot safe, I'm fine with that instruction. But there was no affirmative defense instruction that was submitted. That's not the part of Turkle that I was referring to. I mean, the Alexander case says that in Turkle, the court reasoned that whether the icy conditions were general or isolated was properly submitted to the jury. You say that wasn't the instruction in Turkle, but they say it was properly submitted in Turkle. And then there's another case. So why isn't that this case? Because there was new weather here, at least arguably. Well, so if you take a look at Turkle, I don't actually. There's other cases that say, frankly, in discussing Turkle, that the issue in that case was that no affirmative steps had been taken. And also in Turkle, there's this issue where it says the parking lot had been plowed and salted on January 15, 1977. And on January 16, which is the day that Turkle fell, there was nine inches of snow on the ground. Now, I'd also say one important thing about the Turkle case is that it was the defendant who was appealing. Their argument on appeal was that it had nothing to do with the affirmative defense instruction. Their argument on appeal was that it was an open and obvious condition, that Turkle had to basically prove that she did not see that it was not open and obvious. But I think Turkle also has something important, which is that they say the condition on that parking lot was rutted. It was pitted. And because of that, then you do get to this issue of isolated or general conditions. But there was a whole separate snowstorm. It's just Turkle really doesn't apply here because they don't say that the affirmative defense instruction was given. The argument where that comes up is basically that they say, the defendant says, well, we had no duty because it was a natural accumulation. The Turkle court doesn't say that the jury was properly instructed one way or the other. The jury says, well, no, because there's evidence that it was isolated. So they were purely focused on the submission of the instruction on whether there was an affirmative duty to act in the first place, not whether something had been assumed. You're not contesting that Missouri has adopted the Massachusetts rule, right? No, Missouri has adopted the Massachusetts rule. Turkle doesn't discuss the Massachusetts rule. So why isn't this just a simple matter of letting the jury decide the fact question of whether it had returned to general conditions in the area? Well, because the exception to the Massachusetts rule is that if you undertake some steps, if you assume a duty, if you act, then you are negligent. But the jury instruction here on the natural report. Forever? No, it's not forever, but it was that morning. What if there was new weather after the initial clearing? And so this brings up the Gorman case, and I think the Gorman case is instructive in this regard. Gorman says, you assume the duty to act. You don't get the affirmative defense instruction on isolated or general conditions. And they say, now, if there was new sleet, snow that completely covered the area that had been treated, then you might have been entitled to a directed verdict. And so that's an important consideration here because the directed verdict would be that there is a superseding cause, superseding event. So there's no disputing. I'm not disputing here that if there is evidence, if the evidence shows that there is a superseding cause, new ice or snow, sure. I think the appropriate course there would be for the defense to make a motion for directed verdict, saying there's no possible way that our negligence could have caused this. But what happens here is really the Alexander case. And Alexander says there was trace amounts of snow that fell on the day of an incident. So there's trace amounts of snow. We have trace amounts of snow here. But ultimately, we know that somebody assumed a duty of care. And the jury in this case was essentially given the instruction to say, Okay, but if it's general conditions to the area, you have to find nobody's at fault. But that takes out of the issue, completely takes away from the fact the issue here is whether the individual was negligent. So we haven't assumed duty. And the question is, did they fail to breach, did they breach that duty? Now, QuickTrip could have argued it. How do you think the new weather plays into this? Are you saying if you clear the snow on day one and then it snows overnight, then on day two you still have a duty because you cleared on day one? So, Judge, the question there is, no matter what, you have assumed a duty. No, I mean this duty that you're talking about that's assumed from clearing the snow on day one. Does that duty still prevail on day two if it snows overnight? What happens in that case, I think, is you don't have a submissible case on causation because there's no way that the assumed duty, breached or not, could have caused the injury. And so I address this in my reply brief. If there's new snow that comes down, just as the Gorman case says, and there is new sleet, new ice, new snow that comes down and completely covers, then you might be entitled to a, quote, unquote, directed verdict. I've returned everything to the natural condition. Correct. And so in that case, the plaintiff's submitting on their cause of action, which is that you assumed a duty, and you could have been completely negligent. QuickTrip employee on day one could have been negligent. They could have done the worst job shoveling snow ever. You still assumed a duty. You still have to exercise ordinary care. But that doesn't mean that three days later when some guy falls on new ice or snow, just because the gentleman was negligent the first day doesn't mean that there wasn't a superseding cause. That gets to causation. You're on a clean slate at that point. Pardon? You're on a clean slate at that point. Yes. So if you're on a clean slate, then why don't you give the instruction that you would give before there was any clearing, which is the instruction given here? Well, Judge, because here we're not on a clean slate. We're on the exact same day. So as Cleek says, and so QuickTrip did argue this. I think that it's important to understand that QuickTrip did say in their closing, based on the instruction that was given, there's new snow, we couldn't have possibly caused this, maybe there's some other cause. They're allowed to argue that whether the affirmative defense instruction was submitted or not, because it's simply a function of every defendant is always free to argue that there's no causation. Something happened and there's no causation. You can always make that argument. Now sometimes there's such a degree of no causation because there's a superseding intervening cause that it breaks the chain of causation. But here, QuickTrip gets to argue exactly what QuickTrip argued. Isolated condition, natural condition, they always get to argue that from a standpoint of causation. So the question always is, if you assume a duty of care, were you negligent? Did you breach that ordinary duty of care? But what happened here, as the Alexander Court says, as the Gorman Court says, is that you're essentially taking that out of the jury's hands by saying if it's a natural or isolated condition. That's a separate test of whether a duty exists or not. So it's basically you have the standard test in Missouri, the Massachusetts rule. If it's an isolated condition on your property, let's say a downspout, something unique to your property, then you have a duty to remedy. If it's natural condition, you don't have a duty. However, if you assume a duty to act, then you have to act with ordinary care. Sorry, but how should the jury have been instructed, just on a straight-up negligence theory? Yes. Would you even have to talk about the Massachusetts rule and the rest of that in the instruction? It's just a negligence case, is that it? Yes, I don't think that the— I mean, there'd be no evidence. I mean, they did, in fact, shovel it. Exactly. So there's a duty. It was either there or it was assumed. Yes. So the duty question is out of the case. And then it's just a question of did they exercise— It's a straight-up negligence case. Yeah, then did they exercise ordinary care? Now, let's say— Well, let's say the jury found that it snowed a lot after the initial clearing. And so the question— What should they have been instructed on that issue? So then the question, Judge, is— What should they have been instructed on? It should have been the exact same instruction, and then the jury gets to— Well, the same as what? Sorry, the same verdict, direct, or instruction. You assumed a duty. We know you assumed a duty. So then the question becomes, did you exercise ordinary care? And if there is snow, and did your ordinary— What instruction offers them the opportunity to go back to what Judge Arnold called the clean slate situation, where they've not assumed a duty? So I think that would be a directed verdict if there's a clean slate, but that goes to the issue of causation. What's the factual dispute, though, about the amount of snow? And then it goes to cause— What should the jury be instructed on? It should have given the verdict, direct, or instruction, and then Quick Trip, that was given without the affirmative defense, and Quick Trip would have been free to argue, we cleaned the snow. Even if we were negligent, there's new snow that comes down. We couldn't have been negligent. We couldn't have caused it, which is exactly what they say, because they talk about, in their brief, causation. They say, new snow could have caused it. Well, they're free to argue that with the verdict, direct, and instruction that's in there, because they have to find that Quick Trip caused or directly contributed to cause, and new snow could mean that even if you're negligent, you didn't cause or contribute to cause. So they're freely able to argue that without the affirmative defense instruction, but the affirmative defense instruction allowed them to essentially say, if you find there's natural conditions in the area, you have no duty to act. But they did have a duty to act because they assumed that duty. Well, I don't understand that. Why isn't it correct for them to say, if you find that there's been new snow and we're back to general conditions in the area, we have no duty? So once you've assumed, and I'm over my time to answer your question, once you have assumed a duty of care, you always have to act. You always have to exercise ordinary care. You have assumed that duty. And so there's a confusion here. You're really saying there's no limit. Once you shovel one time, you never get back to a clean slate. That's not true. That's what you just said. Once you assume a duty, you always have the duty. What I'm saying is, if you assume a duty, you always have to exercise ordinary care. That doesn't mean that your failure to exercise ordinary care caused an injury. And so that's the difference between duty and causation. So the clean slate example is, if there's a clean slate, then even if I'm negligent, let's say I go and I throw a couple pieces of salt down. I've assumed a duty to act in that case, but three days later, new snow comes in or it's melted, something else has happened. I could have still been negligent in that scenario, but it doesn't mean that my negligence caused any injury, because there was a superseding cause. So it's really a distinction between causation and duty. Once you have a duty to act, you have to exercise ordinary care. And I'm out of time. Thank you, Judge. All right. Thank you for your argument. Mr. Cooney, we'll hear from you. Thank you, Your Honor. May it please the Court. John Cooney on behalf of Quick Trip. Quick Trip, the jury was properly instructed in this case because there was evidence of a general condition that was put on by Quick Trip. This is a jury question in the state of Missouri, including the Turco case that the Court cited and many others that we've cited. And the issue of whether it's a general condition or an isolated condition is a jury question. The evidence in this case, presented by Quick Trip, was that it snowed consistently and constantly from the time the sidewalk and steps were cleared at 5 in the morning up until 10 o'clock in the morning when the plaintiff fell. It's exactly what the Court was just describing. The jury didn't agree with that and thought there had been only de minimis snow. Well, exactly. And so the instruction does... Your Honor, how are they supposed to find... Does the instruction really give them an option then for that? If they say, no, there's no general condition here, there's no isolated condition, it's just that you cleared negligently. Right. What are they supposed to do then? So the general condition instruction allows for it and the alternative to find an isolated condition. If the jury finds that it is an isolated condition, meaning, and the way I understand the case law is written, is that the isolated condition is exactly what Mr. Vianello was describing. If Quick Trip did something to make their stairs more dangerous than the general condition by the way they negligently cleared the snow earlier or whatever they would want to argue, then the jury can still find it. Then they go to the verdict director and do exactly what Mr. Vianello was describing. So you're saying the jury could get there under the isolated condition? Exactly. That's what an isolated condition would be. It is snowing in the community, but the jury could find that at this particular property it is more dangerous, it is isolated, it is different than the general condition in the community, and then they go to the verdict director and they find negligence as they're arguing based on how we cleared the snow and how causation, and all those things the jury still has the opportunity to find. But if they find it's a general condition, the inquiry ends there. And that's what the case was. This story, this snow was not altered, and this is undisputed, from between 5 and 6 in the morning when the Quick Trip employee got to work until the time of Plaintiff's fault. And we know this because painstakingly the video was played an hour plus at trial showing that no Quick Trip employee touched these stairs. And during that entire time, it is snowing at times very heavily. You can see the accumulation in the video. And this is undisputed. It's in the record. It snowed the whole time, unaltered, and to the court's point earlier, that is a general condition in the community, or the jury could so find. It snowed constantly, unaltered, and the evidence was that this snow fell naturally, unaltered from the sky. Mr. Mann, the plaintiff, testified there's evidence that he fell on snow. There is evidence from which the jury could reasonably find that there was a general condition in the entire community, and they did. And that's what the evidence was. The instruction, there's no objection to the form of the instruction. I will add that the Alexander case, which the plaintiffs cite heavily in their brief, just a year later, the Willis case does use the same instruction. And the form of that instruction has been used many times, and the findings that the jury is required to find is in all the cases that have been cited since Alexander. What was the objection in this case to the instruction, and what alternative was offered? There was no alternative offered, Your Honor. The objection, as I understand it, was simply that it should not have been given because it wasn't legally correct. It was not objected to the form, and there was no alternative. And I don't, it's possible they may have argued that it wasn't supported by the evidence, but as I stated, there is ample evidence in the record of snow throughout the community, both in terms of the video, testimony from the witnesses, testimony from a paramedic that came in. One point that I'd like to make. It's clear that the stairs had returned to their original condition, is there? Well, the evidence would be that snow falling from the sky and accumulating on all three. But you can look at the picture and see that it hadn't happened because there's a difference. You can see the clearing. It hasn't come back up to some general condition. Isn't that right? Well, I'd say that's a... It hasn't returned. You can see that from the picture. I don't, that's a jury question, Your Honor. Wait a minute. It's incontrovertible. Well, to your question, had it returned to its original condition? Yeah, the general condition. Meaning that it had the same amount of snow on it before they... Whatever, yeah. We don't even know what it was. That's one problem. Yes, Your Honor. I don't know what the general condition was. Yeah, I'm sure it did not have the same amount of snow on it at 10 in the morning that it had at 5 in the morning, but it still had a general accumulation of snow, which brings us within the general condition instruction in the law. Now, one other point I'd like to make... What does general condition mean? I mean, it can't mean general condition changes over time, doesn't it? As I understand it, Your Honor, it's snow as it's accumulating naturally or precipitation, whether it be sleet or ice, accumulating naturally from the sky as it lays. And that's why the jury instruction is so important, because the jury could certainly find that it is a general condition and that Mr. Mann fell because of snow that fell naturally and accumulated, just as it's seen on the video, or they could find that this was an isolated condition, that something about these steps was different than the general condition, and move to the verdict director, and that gives them that option. I think a very... I'm sorry. It's confusing. Is it a general condition if in some locations people have shoveled and now there's 2 inches of snow? In other places, people have not shoveled and there's 4 inches of snow in those locations. What's the general condition at that point? Well, I think snow is the general condition. I don't know of any standard as far as the depth of the snow. One thing I do think is very important and I'd like to bring up is that this case is different than any other case because it was actively snowing at the time of the plaintiff's fall, and it had been actively snowing for at least an hour and 15 minutes, based on the evidence in the record, before, constantly and consistently. Missouri law is clear, and there's no exception to this that I have seen anywhere, that you have no duty to remove snow as it's actively falling from the sky. And that was reiterated as recently as a year and a half ago in the O'Donnell case. That comes from the Milford v. May Department Store, which goes back 20 years or more. It would create a duty that's virtually impossible to perform. I think that's very important here. It's undisputed that it was actively snowing at the time and had been, which goes back to this whole discussion of when does the clean slate occur. And it has to be, logically, sometime after it stops snowing is when, that if there's a duty to be assumed, my client never went back out there again to do anything after the heavy snow that's occurred. That is natural snow falling from the sky. The jury could find exactly that, and they did find that in this case. What's the evidence that the clearing of the snow was negligently performed? What's the evidence of negligence? I mean, we know there was an accident, but it's not strict liability here. There has to be some kind of negligence in clearing the snow. Isn't that right? I would agree with that, Your Honor. What's the evidence? They're not arguing that there wasn't enough evidence of negligence? Well, they did not put any evidence in about the manner in which he went about clearing the snow. I understand. I wanted to ask you about your argument. Yes, Your Honor. About what their evidence of negligence was? No. They argued it had to do with frequency. They argued that we violated a storm policy and that we didn't. This kind of goes to the whole point. They argued that we didn't get out there every 30 minutes, and that's why the jury saw the evidence of an hour and a half of unadulterated snow accumulating. Their point was nobody came out and cleared it. And that's undisputed. That's true. So that was their evidence of negligence. So that's submissible in your view? Does that make that a submissible case on negligence? Well, I don't. You didn't object to that, right? We did not file a motion for directed verdict on negligence. We did file a motion for directed verdict on this issue. Usually the record's kind of thin on the negligence point, but if you're not interested in it, that's fine with me. It's complicated enough. Thank you, Your Honor. One point I did raise is on the general condition, they did argue and present evidence of the alteration on the isolated condition point, just as we did on the general condition point. The court in Cleek, this court, I think is important I wanted to raise, addressed this, seemingly to me, this very issue just two years ago, in a comment that was made in that opinion, which is that it seems to go to exactly what Mr. Biennialo was arguing regarding the assumption of duty. And the court stated that Missouri courts do recognize an exception when one obligates himself by course of conduct to remove snow and ice, but they've only found property owners have assumed a duty of care when the landowner takes some action to alter the condition of snow or ice between the time it falls and the plaintiff's injury. And that seems to be exactly what they're arguing and exactly what this court has held is necessary to accept Mr. Biennialo's argument. There is no evidence that we altered it between the act of snowfall and the time of injury. The same is true with all of the cases that the plaintiffs are citing. Gorman and Alexander. Alexander, the alteration occurred just shortly, I think they said shortly, or moments before the fall. Gorman, it was the same. There is no evidence of new snow accumulation or falling in either of those cases. What's the Eighth Circuit case you just cited? It's Kleek v. Ameristar Casino. It's not in your brief, right? It's, well. How do you spell Kleek? K-L-E-E-K, I'm sorry, C-L-E-E-K, Your Honor. All right. It's certainly, I wanted to raise it. It's cited by the appellant certainly. All right. And you said you didn't move for directed verdict on negligence, but you moved for directed verdict on this issue, meaning you moved for directed verdict on the idea that there was a general condition. And that was based on the act of snowfall, Your Honor. And, again, I do think that, again, Gorman says the very same thing. And, yes, Judge, we do cite Kleek in our brief. It's not in your table. Well, maybe I'm looking at the wrong thing. We'll find it. It should be the fourth case on there. But Gorman, the act of snowfall is, again, there is no case that holds a duty to remove snow as snow is actively falling, which is undisputed in this case. And Gorman recognized that. It's their case that they rely on, wherein they say had there been evidence that it was actively snowing or sleeting at the time of the fall, they may have been entitled to a directed verdict. What if Eros had finished shoveling at 945 and the accident occurred at 10 o'clock? Well, in that case, Your Honor, I think I would not be able to – there would not be evidence of unaltered snowfall. Well, let's say it continued to snow for those five minutes, ten minutes before the accident occurred. Well, if it's actively snowing, Missouri law says there's no duty. Now, to use your example, as I understand it, Your Honor, if it stops snowing, he goes out and clears it. I understand that can be an exception to the Massachusetts rule. It seems to me that the plaintiff's position is if you shovel at any time at all and touch it on a day of snowfall, then you don't get a general condition instruction. Simple as that. And I believe that's overly simplistic based on all the cases we've talked about today. There are facts and circumstances from which the jury needs to make these decisions. Is it a general condition? How much snow is it? How long had it been snowing? Was there something about the condition of the property that makes it an isolated condition versus the property next door where it's falling on an adult's rate? The problem with this is, or what concern I have with that, is that if the jury says there's not a general condition, then they're not instructed about negligence on the duty that was assumed by shoveling. They're just told if there's not a general condition, you have to find an isolated condition in order to find liability. If I understand the situation here correctly, correct me if I'm wrong. Why should they have to find an isolated condition? Why couldn't they just find there's no general condition, you assumed a duty and you didn't clear with reasonable care? Well, if there's a general condition. No, there's no general condition. There's no general condition. I'm hypothesizing the jury says we're not buying your general condition argument. Right. Well, then it must be an isolated condition. Because that's what they're talking about. The steps are an isolated condition. They're claiming he fell on ice and snow and that that was the negligence. So if that's not a general condition in the community, then it must be isolated to this property. It's just an example of a parking lot that's not properly cleared, the case that comes up all the time. The snow has melted all around the city of St. Louis, but on your property it's an isolated condition of ice and snow by reason of the facts and circumstances. So the general condition argument is it fails. And then it's just a negligence case. If we're talking about ice and snow, it starts as a general condition always. So it only becomes isolated when something else happens. And that's what they're arguing, that we made it more dangerous or altered it and so that it's an isolated danger on this property and it's not a general condition anymore. We're saying that there's evidence that it is. And that's a jury question. Now, I disagree that the jury doesn't have to deal with the negligence because they deal with it right. If it's not a general condition, then it's isolated. They move right on to it. That's what it's there. They work in conjunction. See, Mr. Villanueva said these are separate issues, but they're not. They work in conjunction with each other. The snow falls from the sky and then we deal with it from that point. So anyway, I'm sorry, I'm out of time, Your Honor. Very well. But thank you for your argument. Jeff, my rebuttal time is up, but if I could have ten seconds to address something. Ten seconds. All right. We'll be counting. Okay. A thousand words. If there's a general or isolated condition, that's the first thing. But the assumption of a duty is an exception to that whole standard. And as Mr. Cooney has said, there's no duty to act while it's actively snowing except if you assume a duty because that's the exception to the rule. So if it's actively snowing, of course, and you do nothing, fine. But once you do something, you've assumed a duty and it's an exception to that general or isolated condition dichotomy. Thank you.  I think that was ten seconds. Thank you very much. Thank you to both counsel for your arguments. The case is submitted and the court will file a decision in due course. Counsel are excused.